

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT D. KNOOP, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0201 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner ROBERT D. KNOOP, JR., has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 31st Judicial District Court of Hemphill County, Texas, for the offense of DWI 3rd or More/Enhanced. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY

Petitioner, in Cause No. 2506 styled *State of Texas vs. Robert Dale Knoop, Jr.*, pled guilty to the felony offense of DWI 3rd or More/Enhanced, and on January 24, 2002, was sentenced to a term of fifteen (15) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

On November 8, 2002, petitioner's conviction and sentence were affirmed on direct appeal in an unpublished opinion by the Seventh District Court of Appeals. *Knoop v. State*, No. 07-02-0199-CR (Tex.App.--Amarillo, pet. ref'd). Petitioner KNOOP's petition for discretionary

review was refused by the Texas Court of Criminal Appeals on April 11, 2003. *Knoop v. State*, PDR No. 2141-02.

On October 30, 2003, petitioner filed his first state application for a writ of habeas corpus challenging the instant conviction. *Ex parte Knoop*, App. No. 60,047-02. On November 24, 2004, the Texas Court of Criminal Appeals denied the application without a written order. *Id.* at cover. On February 28, 2005, petitioner filed a second application for a writ of habeas corpus which was dismissed on June 15, 2005 as an abuse of the writ. *Ex parte Knoop*, App. No. 60,047-04 at cover. On July 1, 2005, petitioner filed the instant application for federal habeas relief in this Court.[1]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. He is actually innocent of the DWI offense;

2. He was denied effective assistance of counsel because his attorney advised him to plead guilty when a prior DWI charge, which was used for enhancement purposes, had been dismissed/vacated;

3. He was subjected to double jeopardy because his prior dismissed/vacated DWI was used to enhance his offense;

4. The prosecution withheld information that his prior DWI had been dismissed/vacated;

5. He was denied effective assistance of counsel because his attorney did not know the law;

6. He was subjected to double jeopardy because his 1993 DWI conviction was improperly used to enhance his present offense because out of state convictions

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998) ("a *pro se* prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing.").

could not be used prior to September 1, 1994;

7. He was denied effective assistance of appellate counsel because his attorney failed to argue:

   a. his 1995 DWI conviction was dismissed/vacated;
   b. his 1993 DWI conviction was improperly used to enhance his present offense; and

8. He was denied due process because the appellate court failed to review his *pro se* brief on the merits instead stating in its opinion that no *pro se* brief had been filed.

## III.
## EXHAUSTION AND PROCEDURAL BAR

In his answer to this petition, respondent concedes petitioner sufficiently exhausted his available state court remedies as required by 28 U.S.C. § 2254(b), (c). However, respondent also contends petitioner is procedurally barred from obtaining consideration and/or relief under his Claim 2, related to effective assistance of counsel, because petitioner failed to present this claim to the Texas Court of Criminal Appeals in his first state habeas petition. While petitioner presented the issue in his subsequent state habeas petition, it was found to be procedurally barred by the Texas Court of Criminal Appeals. *Ex parte Knoop*, No. 60,047-04 at cover.[2]

Federal review of a habeas claim is procedurally barred when the last state court to consider the claim denies relief based on a state procedural bar. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). Therefore, if petitioner failed to present this Claim 2 in his first state habeas petition, but presented it in his second state habeas petition, which was dismissed as an abuse of the writ, respondent is correct such claim would be procedurally barred. This Court also recognizes that petitioner, in his second state writ application, specifically argued trial counsel was ineffective for advising him to plead guilty. *Ex parte Knoop*, No. 60,047-04 at 34. In his first state writ application petitioner's claim in this

---

[2]This state writ application was denied as an abuse of the writ.

regard was not as clear.[3] In any event, the crux of all of petitioner's arguments hinge on petitioner's allegation that the state improperly used his 1993 DWI conviction to enhance, and that his 1995 conviction had been dismissed/vacated. Petitioner is not entitled to relief on either claim. Although petitioner's allegation that trial counsel was ineffective for advising him to plead guilty may not have been as clear in his first state habeas application as in his second, because the arguments are similar, this issue will be addressed. Petitioner's other allegations, have been exhausted.

## IV.
## STANDARD OF REVIEW

This case was filed subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and so the standards of review set forth in the AEDPA apply to this case. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997). Consequently, petitioner may not obtain relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner has filed one state habeas application which was considered by the Texas Court of Criminals Appeals relating to Cause No. 2506. The Court of Criminal Appeals denied

---

[3]The same can be said of petitioner's claim of actual innocence. However, as discussed in paragraph V.A., petitioner is not entitled to relief on this issue so the point is moot.

*Ex parte Knoop*, App. No. 60,047-02 on November 24, 2004, without written order. The ruling of the Texas Court of Criminal Appeals on the grounds presented constitute an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

V.
MERITS

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

A.
Claim 1 - Actual Innocence

A claim of actual innocence, standing alone, is not cognizable on federal habeas review. *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000); *Graham v. Johnson,* 168 F.3d 762, 788 (5th Cir. 1999); *Lucas v. Johnson,* 132 F.3d 1069, 1075 (5th Cir. 1998).

B.
Claims 2, 5 and 7 - Ineffective Assistance of Counsel

In these claims of ineffective assistance of counsel, petitioner alleges trial counsel was ineffective because he erred in advising petitioner to plead guilty. Petitioner bases this claim on his contention that his 1995 conviction had been dismissed/vacated and that counsel did not know the law with regard to his 1993 conviction *i.e.*, that is was improperly used to enhance. Petitioner further argues appellate counsel was ineffective because he failed to argue on appeal that the 1995 conviction was dismissed/vacated and the 1993 conviction was improperly used to enhance the present offense.

The Fifth Circuit has set out the standard governing ineffective assistance of counsel claims, both generally and with respect to the guilty plea process. In order to obtain habeas corpus relief on the grounds of ineffective assistance of counsel, a petitioner must demonstrate not only that his counsel's performance was deficient, but also that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, the petitioner must show counsel's actions "fell below an objective standard of reasonableness." *Id.* at 668, 104 S.Ct. at 2064. To demonstrate prejudice, he must show that a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Petitioner, therefore, has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's alleged failure to inform he "would not have pleaded guilty and would have insisted on going to trial." *See Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987).

A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. It must also strongly presume that counsel exercised reasonable professional judgment. *Id.; Lockhart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. denied*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987) (citing *Ricalday v. Procunier*, 736 F.2d 203, 206 (5th Cir. 1984)). "[S]econd-guessing is not the test for ineffective assistance of counsel." *King v. Lynaugh*, 868 F.2d 1400, 1405 (5th Cir.), *cert. denied*, 489 U.S. 1099, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989).

Similarly, if a defendant pleads guilty on the advice of counsel and later attempts to attack that plea on voluntariness grounds, he must demonstrate that the advice of counsel was not

"within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Any petitioner pleading guilty who thereafter wishes to challenge the effectiveness of counsel's assistance, is limited to whether the plea was voluntary, that is, whether the defendant understood the charges against him as well as the consequences of his plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir.), *cert. denied sub nom. Smith v. McKaskle*, 466 U.S. 906, 104 S.Ct. 1685, 80 L.Ed.2d 159 (1984). In the context of a guilty plea, the knowing requirement that petitioner understand the consequences of such plea means that he understand the maximum prison term and fine for the offense(s) charged. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.), *cert. denied sub nom. Ables v. Johnson*, 517 U.S. 1198, 116 S.Ct. 1696, 134 L.Ed.2d 795 (1996). Petitioner thus carries the burden to show counsel erred in advising him and that but for such error, he would have insisted on going to trial. *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

Petitioner has not provided sufficient facts to entitle him to federal habeas relief. Petitioner has not provided this Court with any specific basis to support his contention that trial counsel did not know the law and that trial counsel improperly advised petitioner to plead guilty. First, petitioner's complaint that trial counsel, "missed the fact that Texas is not allowed to use an out of stat (sic) conviction prior to Sept[ember] 1st 1994 for the offense of enhancement of a DWI" is misguided. Petitioner's Application at 11. As argued by respondent, petitioner's position is flawed because it is based upon an outdated version of the DWI statute. When petitioner committed the instant offense in March of 2001, the Texas Penal Code §49.09(b) and (c) provided:

> (b) If it is shown on the trial of an offense under Section 49.04, 49.05, 49.06, or 49.065 that the person has previously been convicted two times of an offense relating to the operating of a motor vehicle while intoxicated, ....the offense is a felony of the third degree.

>(c) For the purposes of this section:
>(1) "Offense relating to the operating of a motor vehicle while intoxicated" means:
>(A) an offense under Section 49.04;
>(B) an offense under Section 49.07 or 49.08, if the vehicle operated was a motor vehicle;
>(C) an offense under Article 6701l-1, Revised Statutes, as that law existed before September 1, 1994;
>(D) an offense under Article 6701l-2, Revised Statutes, as that law existed before January 1, 1984;
>(E) an offense under Section 19.05(a)(2), as that law existed before September 1, 1994, if the vehicle operated was a motor vehicle; or
>(F) an offense under the laws of another state that prohibit the operation of a motor vehicle while intoxicated.

TEX. PENAL CODE ANN. §49.09(b)(c) (West 2001). Petitioner KNOOP was properly enhanced pursuant to the Texas Penal Code, and he cannot show counsel was ineffective for failing to argue otherwise. This claim is without merit. To the extent petitioner claims he was ill-advised to plead guilty because the 1995 conviction had been dismissed/vacated, petitioner's premise is flawed. Although petitioner has produced papers reflecting the terms "vacated" and "dismissed," respondent has replied that the terms are merely terms of art used when a defendant is not sentenced under the charge listed but instead is sentenced on another charge, such as being a habitual offender. *See* Respondent's Answer, Exhibit B. Consequently, the 1995 conviction was properly used to enhance. Therefore, petitioner's allegation that counsel's advice was flawed, because it was erroneously based upon a dismissed/vacated conviction, is without merit. Petitioner has not shown counsel's advise to be outside the range of competence demanded of attorneys in criminal cases. Both of petitioner's claims of ineffective assistance of trial counsel should be denied.

Petitioner has also alleged ineffective assistance of appellate counsel for failing to argue on appeal that the 1995 conviction was dismissed/vacated and the 1993 conviction was improperly used to enhance the present offense. As discussed above, petitioner's allegations related to the 1993 and 1995 convictions are without merit and appellate counsel cannot be

deemed ineffective for failing to raise a meritless issue on appeal.  These claims must fail.

## C.
## Claims 3 and 6 - Double Jeopardy

Petitioner claims in his third ground that he was subjected to double jeopardy because his prior dismissed/vacated DWI was used to enhance his offense, and in his sixth ground he claims he was subjected to double jeopardy because his 1993 DWI conviction was improperly used to enhance his offense because out of state convictions could not be used prior to September 1, 1994.  As discussed *supra* in paragraph V.B. such claims are without merit.

Moreover, as stated by respondent, petitioner KNOOP, by his plea of guilty, waived these claims.   These two claims should be denied.

## D.
## Claim 4 - *Brady* Violation

Petitioner alleges the prosecution withheld information that his prior DWI had been dismissed/vacated.  If the prosecution suppresses evidence favorable to an accused and material to either guilt or punishment, irrespective of the good faith of the prosecution, such suppression violates due process.  *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963).  To state a *Brady* claim, the defendant must demonstrate (1) the prosecution suppressed evidence, (2) the evidence was favorable, (3) the evidence was material to guilt or punishment, and (4) the defendant's late discovery of the allegedly favorable evidence was not the result of a lack of due diligence.  *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997).  Respondent argues the United States Supreme Court has not extended *Brady* to the guilty plea setting, citing *Matthew v. Johnson*, 201 F.3d 353, 361-62 (5th Cir. 2000).  Whether *Brady* does or does not apply to guilty pleas, it would certainly appear unethical, if not constitutionally infirm, for the prosecution to knowingly use a void conviction against a defendant.  That however, is not the case.  As set forth above, the 1995 DWI conviction has not been shown to be void.  Further,

it appears from the record that the information at issue was provided to petitioner's counsel. *See* Respondent's Answer, Exhibit A. Petitioner's claim is without merit.

E.
Claim 8 - The Appellate Court Opinion

Petitioner alleges he was denied due process because the Seventh District Court of Appeals failed to review his *pro se* brief on the merits, instead stating in its opinion that no *pro se* brief had been filed. The state court records in this case do contain a *pro se* appellate brief directed to the Seventh District Court of Appeals which is stamped "Received July 29, 2002." It is not clear from the stamp which court placed the stamp on the brief, and it is not the same type of stamp that appears on counsel's *Anders* brief filed with the same court. No other *pro se* appellate brief to the Seventh District Court of Appeals appears in the state court records. A review of the Seventh District Court of Appeals docket for Cause No. 07-02-0199-CR shows a docket entry for the receipt of a *pro se* appellate brief on July 29, 2002. Further, the docket shows a *pro se* brief was filed August 2, 2002. Respondent has failed to address this discrepancy between the appellate court records and opinion.

To the extent error occurred by the appellate court because it failed to consider petitioner's *pro se* appellate brief, petitioner is not entitled to relief in his federal habeas application because he has failed to demonstrate that if the appellate court had considered his brief, the outcome would not have been the same. According to respondent, petitioner presented to the appellate court the claims that his 1995 conviction was invalid and his 1993 out of state conviction was improperly used to enhance his offense. Both of these claims were also raised in petitioner's state habeas petition, which was denied. The state court's denial of habeas relief on these grounds was not unreasonable in light of the facts, which is the standard for granting relief under the AEDPA. *See* 28 U.S.C. § 2254(d)(2). Furthermore, issues of state law, *i.e.*, whether petitioner's prior convictions could be used to enhance the current offense under governing state law, are not cognizable on federal habeas review unless a violation of state law renders the

conviction fundamentally unfair. *See, e.g., Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2006); *Hughes v. Dretke*, 412 F.3d 582, 591 (5th Cir. 2005); *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001). Petitioner has failed to show he was prejudiced by the appellate court's alleged error. This claim should fail.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROBERT D. KNOOP, JR., be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner and to counsel of record for respondent by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of July 2008.

_[signature]_
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern

District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).